[No. 35247.    Department Two.    January 12, 1961.]

THE STATE OF WASHINGTON, on the Relation of Mabel Fisher, Appellant, v. DONALD BOWMAN, as Justice of the Peace for Burton Precinct, King County, Respondent.[1]

*Charles H. Law,* for appellant.

ROSELLINI, J.—The appellant pleaded guilty, in justice court, to charges of driving while under the influence of intoxicating liquor, reckless driving, driving without an operator's license, and resisting arrest. No appeal was taken from the judgment and sentence entered on that plea, but the appellant thereafter sought a writ of prohibition in the superior court. When it was pointed out by the prosecutor that a writ of prohibition will not issue to restrain the action of a court where its judgment or order was entered prior to receiving notice of the writ, the court treated the petition as one asking for a writ of certiorari and issued the writ.

A hearing was held, at the conclusion of which, the court entered an order quashing the writ and dismissing the proceeding. The record before us does not reveal the ground upon which this order was entered.

Error is assigned to the quashing of the writ, the appellant contending that the justice court lacked jurisdiction because her crime was not committed within the Burton precinct (citing RCW 3.20.120) and that she had no remedy

[1]Reported in 358 P. (2d) 316.

to test this question by appeal. The theory on which the latter contention is based is that, by pleading guilty, she waived her right to appeal. No authority is cited to this effect, and we do not find it to be the law.

On the contrary, the rule is that a plea of guilty does not preclude an appeal where collateral questions, such as the validity of the statute, the sufficiency of the information, *the jurisdiction of the court,* or the circumstances under which the plea was made, are raised. *State v. Rose,* 42 Wn. (2d) 509, 256 P. (2d) 493, and cases cited therein. No reason appears why the question now raised by the appellant could not be adequately disposed of on appeal. The writ was therefore properly quashed.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.