[No. 46765. En Banc. September 25, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD KENNEDY MAJORS, *Petitioner.*

*Douglas Cook,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Gregory P. Canova, Deputy,* for respondent.

WILLIAMS, J.—Petitioner Donald Kennedy Majors was charged with first degree murder on October 17, 1978, for allegedly killing Franklin Monohan on or about December 13, 1974. Pursuant to a plea agreement, petitioner entered a plea of guilty to a reduced charge of second degree murder and to a supplemental information alleging that he was a habitual criminal. As part of the bargain, petitioner also agreed to waive his right to appeal "from any finding of guilty and the sentence on that finding of guilty." Statement of defendant on plea of guilty, at 1. The trial court sentenced him to life imprisonment.

On appeal petitioner argued that the supplemental information was defective and void on its face because one of

the alleged prior felony convictions, interstate transportation of a stolen motor vehicle, occurred on October 6, 1975, *after* the date of the murder which was the underlying crime for which he was sentenced as a habitual criminal. The Court of Appeals rejected that contention and affirmed the conviction, holding that a guilty plea resulting from a plea bargain precludes review of the sufficiency of the information or the existence of the crime charged. *State v. Majors,* 24 Wn. App. 481, 603 P.2d 1273 (1979). We affirm that judgment, although on somewhat different grounds.

The question in this case, narrowly formulated, is whether a plea of guilty entered pursuant to a plea bargain in which the accused agrees to waive the right to appeal precludes review of the sufficiency of the information.

Ordinarily, a plea of guilty constitutes a waiver by the defendant of his right to appeal, regardless of the existence of a plea bargain. *Young v. Konz,* 88 Wn.2d 276, 283, 558 P.2d 791 (1977); *State ex rel. Fisher v. Bowman,* 57 Wn.2d 535, 536, 358 P.2d 316 (1961). Thus, even if petitioner in this case had not agreed to waive his right to appeal the conviction and sentence, that right would have been waived.

On the other hand, we have held that a guilty plea in Washington does not usually preclude a defendant from raising collateral questions such as the validity of the statute, sufficiency of the information, jurisdiction of the court, or the circumstances in which the plea was made. *Young,* at 283; *Bowman,* at 536; *and see In re Vensel,* 88 Wn.2d 552, 564 P.2d 326 (1977).

This case presents a different situation from the cases cited in that the guilty plea was entered pursuant to a negotiated plea agreement. The State agreed to reduce the charge to second degree murder and to recommend dismissal with prejudice of then pending criminal charges against petitioner in Wyoming and Wisconsin. Petitioner agreed to plead guilty to the reduced charge; to waive enumerated rights, including trial by jury, confrontation of witnesses, self–incrimination, appeal, and the proof beyond

a reasonable doubt of all elements of the crime charged; and to being a habitual criminal, based on a supplemental information alleging two prior convictions.

Petitioner relies on *State v. Jones,* 138 Wash. 110, 112, 224 P. 395 (1926), as authority for the claim that the supplemental information is defective because a prior conviction must precede the commission of a subsequent offense under the habitual criminal statute. In *Jones,* we held that since one purpose of Rem. Rev. Stat. 2286, now RCW 9.92-.090, is the reformation of criminals, an enhanced punishment should not be meted out until an offender has had an opportunity to reform his conduct. Therefore, we concluded, "the increased punishment can only apply to an offense committed after conviction for the previous one or ones." *Jones,* at 112; *accord, State v. Braithwaite,* 92 Wn.2d 624, 629, 600 P.2d 1260 (1979).

Even assuming petitioner is correct in his claim that the supplemental information is defective, we must consider the circumstances of his plea. On the record before us, it is plain that petitioner was represented by counsel at all stages of the plea bargaining; that he freely admitted the two prior convictions which formed the basis of the habitual criminal charge; and that he understood that he would receive a life sentence as a result of his plea. The consequences of pleading guilty to the supplemental information were that petitioner agreed (1) to release the State from the necessity of proof of the prior convictions, (2) to accept the enhanced penalty required by RCW 9.92.090, and, in fact, (3) to waive the theory developed in *Jones* that he was reformable and thus entitled to an opportunity for rehabilitation. In effect, petitioner bargained for a sentence by accepting a habitual criminal status. The bargain created the possibility of a less severe minimum sentence.[1]

---

[1] A conviction for first degree murder would require a life sentence with the duration of confinement fixed at a minimum of not less than 20 years. RCW 9A.32.040(3); RCW 9.95.010. Confinement under the life sentence required by the habitual criminal statute, RCW 9.92.090, may be fixed at a minimum of 15 years. RCW 9.95.040(3).

■ We see no reason why a defendant who agrees to be designated a habitual criminal should not be held to his bargain under the circumstances here presented, when he undisputably was aware of the consequences of his waiver and there was plainly a factual basis for the plea. *State v. Cosner,* 85 Wn.2d 45, 51, 530 P.2d 317 (1975); CrR 4.2(d).

A number of courts have reached this same conclusion. When a technical defect is not jurisdictional, plea agreements have been upheld where the plea was entered into voluntarily and knowingly, and the defendant was fully apprised of the consequences. *United States ex rel. Amuso v. LaVallee,* 291 F. Supp. 383, 385 (E.D.N.Y. 1968); *Johnson v. Beto,* 466 F.2d 478, 480 (5th Cir. 1972) (holding plea bargaining analogous to promissory estoppel; the law sanctions the bargain if "real" and not a mere figment); *People v. Foster,* 19 N.Y.2d 150, 225 N.E.2d 200, 278 N.Y.S.2d 603 (1967); *People v. Gregory,* 59 Ill. 2d 111, 319 N.E.2d 483 (1974) (distinguishing between jurisdictional and merely technical defects in an indictment appealed from after a plea of guilty).

The reasoning for the above conclusion has been well stated in a leading case on the rule in federal courts regarding collateral attacks:

> The rule, then, is that the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of "large importance", that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction. . . .
> The orderly administration of criminal justice demands that a defendant who is dissatisfied with the form or substance of an indictment or information filed against him shall make that known to the trial court at or before the time when sentence is imposed, . . . It would create an intolerable situation if defendants, after conviction, could defer their attacks upon indictments or informations until witnesses had disappeared, statutes of limitation had run, and those charged with the duty of

prosecution had died, been replaced, or had lost interest in the cases.

*Keto v. United States,* 189 F.2d 247, 251 (8th Cir. 1951); *accord, United States v. Debrow,* 346 U.S. 374, 377–78, 98 L. Ed. 92, 74 S. Ct. 113 (1953):

> The charges of the indictments followed substantially the wording of the statute, which embodies all the elements of the crime, and such charges clearly informed the defendants of that with which they were accused, so as to enable them to prepare their defense . . . It is inconceivable to us how the defendants could possibly be misled as to the offense with which they stood charged.

Inasmuch as petitioner's attack on the supplemental information was not jurisdictional and petitioner was concededly not misled by the technical defect, we hold he must be held to the terms of the plea bargain. Accordingly, the decision of the Court of Appeals is affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.