[No. 28467-7-II.   Division Two.   November 9, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID EUGENE DEROSIA, *Appellant*.

*Suzan L. Clark*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Thomas C. Duffy, Deputy*, for respondent.

¶1 HUNT, J. — David DeRosia appeals his *Alford*[1] plea conviction for second degree felony murder predicated on second degree child assault. He argues that *In re Personal*

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

*Restraint of Andress*[2] compels vacation of his conviction and withdrawal of his plea. The State counters that *State v. Majors*[3] binds DeRosia to his guilty plea, notwithstanding *Andress*'s subsequent change to Washington's felony murder law.

¶2 Because DeRosia's *Alford* plea neither conferred a benefit on him nor recited a factual basis to support a lesser included offense conviction, we hold that (1) *Majors* does not apply, and (2) *Andress* compels vacation of DeRosia's conviction and withdrawal of his plea. Accordingly, we reverse and remand without prejudice to the State's refiling any lawful charge, including first degree manslaughter.

## FACTS

### I. CHILD HOMICIDE

¶3 L.D.S., a 22-month-old toddler, was left by his mother in David DeRosia's care. When the mother returned, she found that L.D.S. had suffered a severe beating with massive trauma to his head and spine; he died the next day. Doctors determined that L.D.S.'s injuries must have been intentionally inflicted. DeRosia gave contradictory versions about what had happened, but he consistently denied having harmed the child.

### II. *ALFORD* PLEA

¶4 On December 4, 2001, DeRosia entered an *Alford* plea to second degree felony murder predicated on second degree child assault.[4] His statement on plea of guilty reads, "Based upon the evidence presented against me, I believe that a judge or jury could find me guilty beyond a reasonable doubt, and I wish to get this matter behind me as quickly as possible." Clerk's Papers (CP) at 20. Although DeRosia's

---

[2] *In re Pers. Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002).

[3] *State v. Majors*, 94 Wn.2d 354, 616 P.2d 1237 (1980).

[4] RCW 9A.32.050(1)(b) and RCW 9A.36.130(1)(a).

guilty plea statement admits no facts, it does recite the elements of the charged crime, in pertinent part, as follows:

> I am charged with: Murder in the Second Degree.
>
> (a) The elements are: That he, David Eugene DeRosia II, being a person over the age of eighteen years, . . . , while committing or attempting to commit the crime of Assault of a Child in the Second Degree, . . . , did cause the death of L.D.S. (male, dob: 7/29/99), a human being under the age of thirteen years and not a participant in such crime, . . . , to wit: being a person over eighteen years of age, did intentionally assault L.D.S. (male, dob: 7/29/99) a human being under thirteen years of age and did thereby recklessly inflict substantial bodily harm upon L.D.S., thereby causing the death of L.D.S. (male, dob: 7/29/99) . . . in violation of RCW 9A.32.050(1)(b) and 9A.36.130(1)(a).

CP at 12-13. DeRosia's guilty plea statement also acknowledged a standard range sentence of 123 to 220 months, with 24 to 48 months community custody, and a potential maximum term of life in prison.

¶5 The State offered DeRosia no reduction in charges or penalties and made no promises in exchange for his guilty plea. Rather, DeRosia pleaded guilty in hopes of seeking leniency from the sentencing court. Having determined that DeRosia was entering his *Alford* plea voluntarily, knowingly, and intelligently, the trial court accepted the plea and imposed an exceptional sentence of 340 months.

### III. APPEAL

¶6 DeRosia appealed the exceptional sentence. The State responded with a motion on the merits.

¶7 Thereafter, our Supreme Court issued *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), holding that second degree felony murder cannot be predicated on assault under the felony murder statute, RCW 9A.32.050(1)(b), as amended in 1976, the same statute at

issue here.[5] Our commissioner denied the State's motion on the merits and requested supplemental briefing on *Andress.* We ordered additional supplemental briefing on the effect, if any, of *State v. Majors,* 94 Wn.2d 354, 616 P.2d 1237 (1980), on DeRosia's case and set the case for oral argument before a panel of judges.

¶8 Having heard oral argument, we now address the following issues:

I. In pleading guilty, did DeRosia waive his ability to appeal his conviction?

II. If not, does *Andress* compel vacation of DeRosia's *Alford* plea conviction for second degree felony murder, predicated on second degree child assault?

III. If not, should we set aside the plea or remand for the trial court to resentence him on the lesser included offense of first degree manslaughter?

## ANALYSIS

### I. Right To Appeal

¶9 By pleading guilty, a defendant generally waives the right to appeal.[6] But "a plea of guilty does not preclude an appeal where collateral questions, such as the validity of the statute, the sufficiency of the information, *the jurisdiction of the court,* or the circumstances under which the plea was made, are raised." *Fisher v. Bowman,* 57 Wn.2d 535, 536, 358 P.2d 316 (1961).[7] If the success of a

---

[5] We denied the State's subsequent motion to stay the proceedings pending the Supreme Court's ruling in *In re Personal Restraint of Hinton,* No. 73504-2 (Wash. Sup. Ct. Nov. 18, 2004), consolidated with *In re Personal Restraint of Royce, No.* 73506-9 (Wash. Sup. Ct. Nov. 18, 2004). These cases are expected to resolve issues arising from *Andress,* such as its application to guilty pleas to felony murder predicated on child assault. The Supreme Court heard oral argument in *Hinton* on October 28, 2003. As of the date of this opinion, however, the Court has not filed its decision.

[6] *Majors,* 94 Wn.2d at 356; *Menna v. New York,* 423 U.S. 61, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975) (guilty plea waives all constitutional violations not logically inconsistent with factual guilt).

[7] *See also Menna,* 423 U.S. at 63 (a guilty plea does not waive constitutional violations that preclude conviction notwithstanding factual guilt).

collateral challenge depends on contesting certain facts to which the defendant stipulated as part of a negotiated plea agreement, however, the collateral challenge may be barred. *Majors*, 94 Wn.2d at 357-58.

¶10 DeRosia argues that because he pleaded guilty to a charge later invalidated by *Andress*, his appeal falls within an exception to the general rule that he waived the right to appeal his guilty plea conviction. The State counters that, (1) as in *Majors*, DeRosia "has received the benefits of his plea bargain," (2) he should be held to his guilty plea because he made it knowingly and voluntarily, and (3) a factual basis supports the plea. We disagree with the State and agree with DeRosia that *Andress*, not *Majors*, controls our decision in this case, and DeRosia may appeal.

## A. *Majors*

¶11 Majors pleaded guilty to second degree murder and stipulated to his habitual offender status in exchange for the State's reducing the charge from first degree murder and dismissal of other charges. *Majors*, 94 Wn.2d at 355-56. But the felonies that supported his habitual offender status occurred *after* the murder, rather than before; thus, the stipulated facts did not satisfy the elements for habitual offender status.[8] *Majors*, 94 Wn.2d at 357.

---

[8] RCW 9.92.090 provides:

Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in a state correctional facility for not less than ten years.

Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime

¶12 Although this legal deficiency was apparent from the face of the charging document, the Supreme Court held that Majors waived his right to challenge the sufficiency of the supplemental habitual-offender information when he bargained away that right in exchange for a less severe minimum sentence; the court held Majors to his bargain.[9] *Majors* thus illustrates the "exception to the exception" to the general rule that a guilty plea precludes appeal.

¶13 Nonetheless, *Majors* does not apply here for several reasons.

### 1. No plea bargain benefit

¶14 First, unlike Majors, the State neither offered DeRosia reduced charges or penalties nor promised him any benefit in exchange for his guilty plea. Unlike Majors, DeRosia pleaded guilty to second degree felony murder as charged. Unlike Majors, DeRosia received no bargained-for consideration from the State for his guilty plea and his waiver of the right to attack his conviction collaterally. Thus, although DeRosia signed a plea "agreement," it was not a "negotiated plea bargain" in any meaningful sense.[10]

### 2. No factual basis for lesser charges in *Alford* plea

¶15 Second, *Majors* has generally been limited to circumstances where the factual basis for the guilty plea,

---

which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in a state correctional facility for life.

This section is inapplicable to felonies committed on or after July 1, 1984. *See* RCW 9.92.900. We note that this statute applied in *Majors*.

[9] "We see no reason why a defendant who agrees to be designated a habitual criminal should not be held to his bargain under the circumstances here presented, when he undisputedly was aware of the consequences of his waiver and there was plainly a factual basis for the plea." *Majors*, 94 Wn.2d at 358.

[10] DeRosia's only arguable "benefit" was the opportunity to request leniency from the court for having spared the victim's family the ordeal of trial.

typically a non-*Alford* plea, supports more severe charges.[11] Furthermore, Washington courts have distinguished *Majors* in cases where the State has charged a crime greater than the crime supported by the facts recited in the defendant's guilty plea statement.[12]

¶16 In contrast, DeRosia's *Alford* plea statement provides no factual basis for any crime, not the crime charged, a more severe crime, or even a lesser crime. Rather, the State charged, and DeRosia pleaded guilty to, felony murder predicated on assault, a crime that the Supreme Court subsequently held factually unsupportable and unlawful. *Andress, supra.*

¶17 The amended information charged DeRosia with second degree felony murder, alleging the following elements:

> [W]hile committing or attempting to commit the crime of Assault of a Child in the Second Degree, and in the course of and furtherance of said crime or in immediate flight therefrom, [DeRosia] did cause the death of L.D.S. (male, dob: 7/29/99) . . . to wit: . . . did *intentionally assault* L.D.S. . . . and did thereby *recklessly inflict substantial bodily harm* . . . thereby *causing the death* of L.D.S. . . . in violation of RCW 9A.32.050(1)(b) and 9A.36.130(1)(a).

CP at 5 (emphasis added).

---

[11] When a defendant has admitted facts that support charges and penalties in excess of those to which he pleaded guilty, the defendant may, in certain circumstances, be held to his plea bargain, even when the stipulated facts do not satisfy the elements of the crime actually charged. *See State v. Hahn*, 100 Wn. App. 391, 996 P.2d 1125 (2000) (by pleading guilty, the defendant waived the right to challenge the legal sufficiency of his conviction for second degree assault with a deadly weapon even though his use of hands and feet to severely beat the victims did not satisfy the statutory definition for "deadly weapon," because the stipulated facts supported more severe charges for first degree assault); *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984) (by pleading guilty, the defendant waived the right to challenge his conviction for indecent liberties even though the facts did not support an element of the charge because the stipulated facts supported more severe charges and penalties for statutory rape).

[12] *In re Pers. Restraint of Bratz*, 101 Wn. App. 662, 670, 5 P.3d 759 (2000) (by pleading guilty to first degree robbery, defendant did not waive right to challenge sufficiency of factual basis for guilty plea where stipulated facts did not support alternative means of committing the crime; nor did the facts support a more serious charge); *In re Pers. Restraint of Butler*, 24 Wn. App. 175, 599 P.2d 1311 (1979) (by pleading guilty to two crimes that constituted the same criminal conduct, defendant did not waive right to appeal based on claim of double jeopardy).

¶18  According to the Supreme Court's *Andress* decision, the information here misstated the elements of second degree felony murder by impermissibly predicating the murder on an assault. Post-*Andress,* the State's allegations at most supported first degree manslaughter—a less severe charge. But the record contains no established, admitted, or stipulated facts to support that charge. Instead, the record contains only DeRosia's *Alford* plea statement that he believed the State's evidence could lead a judge or jury to find him guilty of second degree felony murder as charged, a charge that, according to *Andress*, is invalid.

## B. No "technical defect"

¶19  Third, the Supreme Court viewed the defective information in *Majors* as a mere "technical defect" because Majors had plainly been in jeopardy of charges and penalties more severe than those to which he pleaded guilty.[13] In contrast, having received no plea bargain, DeRosia was in the same jeopardy both before and after his guilty plea.

¶20  That DeRosia was charged, convicted, and sentenced for a more severe offense than the facts could lawfully support, under *Andress*, is not a mere "technical defect." As the *Majors* court suggested, its "benefit of the bargain" analysis does not apply where, as here, "the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction." *Majors*, 94 Wn.2d at 358 (quoting *Keto v. United States*, 189 F.2d 247, 251 (8th Cir. 1951)). At least with respect to cases on direct appeal, *Andress* deprives sentencing courts of subject matter jurisdiction to enter judgment and sentence for second degree felony murder convictions predicated on assault.

---

[13] *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 720, 10 P.3d 380 (2000) (*Majors* applies only where defendant has not been misled by the "technical defect").

¶21 We hold, therefore, that *Majors* is inapplicable here and that DeRosia did not waive his right to appeal his *Alford* guilty plea to a charge subsequently held unlawful under *Andress*. We now address the appropriate remedy.

## II. REMEDY

¶22 DeRosia argues that *Andress* compels reversal of his conviction because he pleaded guilty to a charge that "no longer exists." The State counters that we should deny DeRosia the benefit of *Andress* by overruling it, limiting its reach to assaults on adults (and not children), or applying it only to cases already in trial on or after the *Andress* decision issued. Noting our lack of power to overrule a Supreme Court decision, we previously rejected this argument in *State v. Hughes*, 118 Wn. App. 713, 77 P.3d 681 (2003), *review denied*, 151 Wn.2d 1039 (2004). Therefore, we turn to the remaining issues.

### A. *Andress*

¶23 The *Andress* court's rationale does not support a distinction based on the age of the victim. Rather, the court's rationale applies equally to child and adult assaults. The State conceded at oral argument that, as a result of *Andress*, DeRosia's plea cannot stand, regardless of the victim's age. And we have previously held that *Andress* applies to child assault. *State v. Madarash*, 116 Wn. App. 500, 516, 66 P.3d 682 (2003) (reversing second degree felony murder bench trial conviction predicated on third degree child assault, but affirming conviction for homicide by abuse of a four-year-old child).

¶24 A year ago we held that *Andress* "applies to all cases pending direct review at the time the rule is announced." *State v. Gamble*, 118 Wn. App. 332, 335, 72 P.3d 1139, *review granted*, 152 Wn.2d 1001 (2003). This year, our Supreme Court reached the same conclusion, holding that "*Andress* applies prospectively to include cases not yet final when the *Andress* decision was decided." *State v.*

*Hanson*, 151 Wn.2d 783, 791, 91 P.3d 888 (2004).[14] Because DeRosia's conviction was not yet final when *Andress* issued, *Andress* applies here.

¶25 Although *Andress* suggests reversal, it does not directly address its holding's application to a felony murder-assault conviction based on a guilty plea, especially an *Alford* plea. Thus, we must resolve this issue of first impression.

## B. Voluntariness and Intelligence of Plea

■ ¶26 DeRosia argues that we must allow him to withdraw his plea in order to correct a manifest injustice. "If the plea was not valid when entered, the trial court must set it aside regardless of 'manifest injustice.' " *State v. McDermond*, 112 Wn. App. 239, 243, 47 P.3d 600 (2002). We agree.

■■ ¶27 Due process requires that a guilty plea be voluntary, knowing, and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A guilty plea cannot be knowing and intelligent when the defendant has been misinformed about the elements of the offense.[15] Moreover, a defendant must understand that his alleged criminal conduct satisfies those elements.[16] Without an accurate understanding of the relation of the facts to the law, a defendant is unable to evaluate the strength of

---

[14] In addition, Chief Justice Alexander's concurrence in *Hanson* suggests that the court reserved the question of whether *Andress* applied retroactively to 1976, when the felony murder statute was amended. *Hanson*, 151 Wn.2d at 792.

[15] *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (guilty plea invalid because the defendant did not know his conduct did not satisfy an element of the charge, as clarified by subsequent judicial interpretation); *Thompson*, 141 Wn.2d at 712 (guilty plea invalid because the defendant did not know the charge to which he pleaded was enacted after his criminal conduct); *In re Pers. Restraint of Keene*, 95 Wn.2d 203, 207, 622 P.2d 360 (1980).

[16] *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 660 P.2d 263 (1983) (minimal requirements of a guilty plea stated as "an accused must not only be informed of the requisite elements of the crime charged, but also must understand that his conduct satisfies those elements"); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969) (guilty plea "cannot be truly voluntary unless defendant possesses an understanding of the law in relation to the facts").

the State's case and, thus, to enter a knowing and intelligent guilty plea.[17]

¶28 Here, because DeRosia did not know that assault could not serve as the predicate felony for second degree felony murder, he could not knowingly and intelligently appraise the State's evidence against him. He entered his guilty plea under the mistaken assumption (shared by all parties) that assault could serve as the predicate felony for second degree felony murder. Thus, *Andress* compels us to set aside his plea, unless we determine that by pleading guilty, DeRosia waived his right to challenge the conviction, or unless he can be resentenced for a lesser included offense based on his statement on plea of guilty.[18]

## C. Resentencing for Lesser Included Offense

¶29 Although *Andress* compels vacation of DeRosia's felony murder conviction, we next determine whether DeRosia can be resentenced for first degree manslaughter, a potential lesser included offense under the facts here.

¶30 As noted above, at the time he pleaded guilty, DeRosia did not understand the elements of second degree felony murder as the Supreme Court would later construe them in *Andress*. The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee "a defendant has the right to be informed of the charges against him and to be tried only for offenses charged." *State v. Peterson*, 133 Wn.2d 885, 889, 948 P.2d 381 (1997). The essential purpose of the notice requirement is to ensure that a defendant can mount an

---

[17] *State v. Chervenell*, 99 Wn.2d 309, 319, 662 P.2d 836 (1983) ("Even if Chervenell was made aware of the factual assumptions on which the court and the State were proceeding, there is no evidence that he was made aware of the relation between them and the law.").

[18] Although the parties did not brief whether DeRosia could be resentenced for a lesser included offense in lieu of withdrawing his guilty plea, we address the issue in order to determine the appropriate remedy.

effective defense. *State v. Schaffer*, 120 Wn.2d 616, 845 P.2d 281 (1993).

¶31 But there are "two recognized exceptions to this rule, exceptions for lesser included offenses and for crimes of an inferior degree." *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 722, 10 P.3d 380 (2000). Thus, if the appellate court finds the charging information defective to the point of providing insufficient notification, the court may find that the defendant received sufficient notice as to a lesser included offense[19] or a crime of an inferior degree.[20]

¶32 We held last year that a person whose second degree felony murder jury conviction was vacated under *Andress* could be resentenced for first degree manslaughter where the predicate assault charged a violation of RCW 9A-.32.060(1)(a). *Gamble*, 118 Wn. App. at 340 ("Analyzing the actual charges and evidence in this case . . . , we hold that the jury necessarily found all the elements of the crime of first degree manslaughter proved beyond a reasonable doubt."). In *Gamble*, the information predicated second degree felony murder on an intentional assault that recklessly inflicted substantial bodily harm; we held that the information provided sufficient notice of the elements of the lesser included offense, first degree manslaughter.[21]

¶33 If we apply the logic of *Gamble* to guilty pleas, a defendant may be held to his plea and resentenced for a lesser offense, so long as the defective information provides notice of the elements of the lesser offense. Here, even assuming, without deciding, that the information provided DeRosia with notice of elements of a lesser included offense, such as manslaughter, we must resolve an additional issue: Although resentencing for a lesser included offense is an appropriate remedy following vacation of a jury conviction for felony murder, the same logic does not automatically apply to an *Alford* guilty plea.

---

[19] RCW 10.61.006.

[20] RCW 10.61.003.

[21] *Cf. State v. Hughes*, 118 Wn. App. 713, 77 P.3d 681 (2003).

¶34 Key issues pertaining to the resentencing remedy following a jury trial include: (1) whether the jury necessarily found the elements of the lesser included offense; and (2) whether the charges, although defective, imparted constitutionally adequate notice to the defendant. *State v. Berlin*, 133 Wn.2d 541, 545, 947 P.2d 700 (1997). The notice requirement is constitutionally adequate in the trial context because the second degree felony murder charge imparts notice that the defendant is in jeopardy of conviction for all lesser included offenses. *Berlin*, 133 Wn.2d at 548. In the trial context, where the defendant has enjoyed the full panoply of constitutional rights, nothing more is required, and we may rely on the factual findings of the jury, regardless of whether the information was defective when entered.

¶35 In contrast, a defendant generally cannot challenge his factual guilt after entering a guilty plea. A defendant's admission of guilt is deemed so reliable that it serves as a proxy for a jury's determination that he is guilty beyond a reasonable doubt. But an *Alford* plea typically contains no such admission of factual guilt by the defendant.

¶36 The record here, for example, contains no guilty admissions of fact by DeRosia. Moreover, because there was no trial and no recitation of facts that DeRosia admitted in his *Alford* plea, there is no factual basis to support a conviction for any lesser included offense like first degree manslaughter.[22] In light of our view that DeRosia's *Alford* plea admitted no factual guilt, the manslaughter resentencing remedy we announced in *Gamble* does not apply here.

¶37 We hold that in entering an *Alford* plea to second degree felony murder predicated on second degree child assault, (1) in light of *Andress*, DeRosia did not waive his right to challenge his conviction on appeal; and (2) even

---

[22] As we noted in *Gamble*, where the conviction arose from a jury verdict, "most cases expressly analyzing the remand-for-resentencing remedy clearly demonstrate that the proper inquiry is ... whether the jury *necessarily found* each element of the lesser included offense beyond a reasonable doubt in reaching its verdict on the crime charged." *Gamble*, 118 Wn. App. at 336 (citing *State v. Gilbert*, 68 Wn. App. 379, 385-86, 842 P.2d 1029 (1993)). Such is not the case here.

though the facts the State alleged in the information would likely support first degree manslaughter, the lack of a jury verdict or admitted facts in DeRosia's statement on plea of guilty precludes our ability to remand for entry of conviction and resentencing for first degree manslaughter as a lesser included offense.[23]

## D. Refiling of Charges

¶38 As its final alternative, the State argues that if we reverse and set aside DeRosia's plea, we should remand without prejudice to the State's ability to refile charges. We agree.

¶39 Our Supreme Court directs that " ' "[t]he proper remedy for a conviction based on a defective information is dismissal without prejudice to the State refiling the information." ' " *Thompson*, 141 Wn.2d at 725 (quoting *State v. Vangerpen*, 125 Wn.2d 782, 793, 888 P.2d 1177 (1995) (quoting *State v. Simon*, 120 Wn.2d 196, 199, 840 P.2d 172 (1992))). Accordingly, we vacate DeRosia's conviction and remand without prejudice to the State's refiling any lawful charge, including first degree manslaughter.

## III. EXCEPTIONAL SENTENCE

¶40 Finally, DeRosia argues that the trial court erred by imposing an exceptional sentence based on his abuse of a position of trust and the particular vulnerability of the victim. Since the parties filed their briefs in this case, the

---

[23] We are aware of our Supreme Court's ruling in *State v. Tamalini*, 134 Wn. 2d 725, 728-30, 953 P.2d 450 (1998), that manslaughter is not a lesser included offense of second degree felony murder. We note, however, that in reaching this conclusion, *Tamalini* relied on *State v. Davis*, 121 Wn. 2d 1, 6, 846 P.2d 527 (1993); and Davis was charged with second degree felony murder in which the predicate offense was assault with a deadly weapon, a violation of RCW 9A.36.021(1)(c). As we explained in *Hughes*, 118 Wn. App. at 731-34, first degree manslaughter is not a lesser included offense of second degree felony murder when the predicate felony charged is assault with a deadly weapon under RCW 9A.36.021(1)(c). But under the "as charged" test established in *State v. Berlin*, 133 Wn. 2d 541, 947 P.2d 700 (1997), first degree manslaughter *is* a lesser included offense of second degree felony murder when the predicate felony is intentional assault that recklessly inflicts serious bodily injury in violation of RCW 9A.36.021(1)(a). *Gamble*, 118 Wn. App. at 335.

United States Supreme Court issued *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), holding that a jury, not a judge, must decide aggravating facts that could give rise to an exceptional sentence.

¶41 In light of our reversal of DeRosia's conviction and the necessity of remand for possible recharging and resentencing, we do not address this issue further.

¶42 Reversed and remanded to allow DeRosia to withdraw his guilty plea without prejudice to the State's ability to refile amended charges.

QUINN-BRINTNALL, C.J., and HOUGHTON, J., concur.

[Nos. 50786-9-I; 50788-5-I;    Division One.    November 15, 2004.]
49469-4-I; 49517-8-I;
49446-5-I.