# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

        Respondent,

        v.

MUHAMMED ZBEIDA TILLISY,

        Appellant.

No. 70654-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 22, 2014

TRICKEY, J. — Shortly after pleading guilty to two counts of second degree identity theft, Muhammed Tillisy moved to withdraw that plea.[1] The trial court denied his motion, finding that Tillisy entered the plea knowingly, voluntarily, and intelligently. Tillisy now challenges the trial court's denial of his motion to withdraw the guilty plea. He additionally contends that the trial court erred when it denied his request to remove his assigned counsel and proceed pro se. Finding no error, we affirm.

## FACTS

The State charged Tillisy, by third amended information, with two counts of second degree identity theft for crimes that took place on or about April 26 and 28, 2012.[2]

On November 8, 2012, at a suppression hearing, Tillisy moved to remove his counsel and proceed pro se with standby counsel.[3] At that time, trial was scheduled for November 16, 2012.[4] The trial court denied Tillisy's motion.[5] It found that Tillisy "has

---

[1] This appeal is linked to State v. Tillisy, No. 69962-8-I.
[2] Clerk's Papers (CP) at 122. The State initially charged Tillisy with one count of second degree identity theft in an information filed on July 13, 2012. CP at 154.
[3] Report of Proceedings (RP) (Nov. 8, 2012) at 3, 13, 14.
[4] RP (Nov. 8, 2012) at 32.
[5] RP (Nov. 8, 2012) at 35, 53; CP at 163-64.

made some assumptions that demonstrate that he does not have a full understanding of what he is requesting."[6]

On April 24, 2013, Tillisy signed a statement of guilty plea as to both counts of second degree identity theft.[7] He also signed a plea agreement and sentencing recommendation.[8]

In a letter to the trial court dated April 29, 2013, Tillisy requested that the court withdraw his guilty plea.[9] On June 26, 2013, Tillisy filed a motion to withdraw his plea of guilty pursuant to CrRLJ 4.2(f).[10] He asserted that when he entered the plea, he was heavily medicated and his medical condition made him uncomfortable and unable to focus.[11] As a result, he argued, his judgment was impaired.[12] The trial court denied the motion.[13]

On July 3, 2013, the trial court entered a judgment and sentence on Tillisy's plea.[14] The court imposed a total sentence of 43 months confinement.[15] Tillisy appeals.

## ANALYSIS

Tillisy contends that he is entitled to withdraw his guilty plea. He argues that the plea was not entered into knowingly, intelligently, and voluntarily because he was under the influence of prescribed pain medication at the time he entered the plea. We disagree.

---

[6] CP at 164.
[7] CP at 106-113.
[8] CP at 118.
[9] CP at 104.
[10] CP at 16.
[11] CP at 23.
[12] CP at 26.
[13] RP (June 26, 2013) at 17.
[14] CP at 3.
[15] CP at 6.

We will overturn a trial court's denial of a motion to withdraw a plea for abuse of discretion. State v. Robinson, 172 Wn.2d 783, 790-91, 263 P.3d 1233 (2011).

Due process requires that a defendant enter into a plea agreement knowingly, intelligently, and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); State v. Chervenell, 99 Wn.2d 309, 312, 662 P.2d 836 (1983). "Whether a plea is knowingly, intelligently, and voluntarily made is determined from a totality of the circumstances." State v. Branch, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). A court must allow a defendant to withdraw a guilty plea as necessary to correct a manifest injustice. CrR 4.2(f). The defendant must show manifest injustice sufficient to warrant withdrawal of a plea agreement before withdrawal is permissible. A manifest injustice exists if (1) the defendant did not ratify the plea, (2) the plea was not voluntary, (3) counsel was ineffective, or (4) the plea agreement was not kept. State v. DeClue, 157 Wn. App. 787, 792, 239 P.3d 377 (2010) (citing State v. Marshall, 144 Wn.2d 266, 281, 27 P.3d 192 (2001)). This injustice must not be obscure; it must be obvious, directly observable, and overt. DeClue, 157 Wn. App. at 792 (quoting State v. Taylor, 83 Wn.2d 594, 596, 521 P.2d 699 (1974)).

Here, no such showing has been made. Tillisy points to no evidence indicating his judgment was impaired at the time of the guilty plea. Even assuming such evidence exists, he neither presented this evidence to the trial court when entering the guilty plea nor when moving to withdraw the plea. This bare assertion is insufficient. See State v. Osborne, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) ("More should be required to overcome this 'highly persuasive' evidence of voluntariness than a mere allegation by the defendant.").

3

Indeed, the record of the plea colloquy indicates Tillisy understood the plea agreement and was informed and cognizant of its consequences. The trial court asked him questions regarding his understanding of the statement of guilty plea.[16] Tillisy answered that he read and understood the statement as well as the waiver of rights contained in the document, and stated he had no questions.[17] Furthermore, Tillisy's signature and submission of the statement of guilty plea creates a strong presumption that he entered into the plea voluntarily. See State v. Smith, 134 Wn.2d 849, 852, 953 P.2d 810 (1998) ("When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary."). Tillisy responded intelligently to the thorough questioning by the court.

Moreover, at the hearing on the motion to withdraw the plea, the trial court stated that it had seen no evidence that Tillisy had been in pain on the date the plea was taken.[18] The court also stated that it had observed no confusion on the part of Tillisy from taking his prescribed medications.[19] During a plea colloquy, a court has abundant opportunity to observe a defendant's conduct, appearance, and demeanor. Osborne, 102 Wn.2d at 98. The trial court did not abuse its discretion by denying Tillisy's motion to withdraw the guilty plea.

Tillisy next contends that the trial court abused its discretion when it denied his request to represent himself at trial. However, Tillisy waived his right to appeal this pretrial ruling when he entered into the guilty plea. See State v. Majors, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980) ("Ordinarily, a plea of guilty constitutes a waiver by the defendant of his

---

[16] RP (April 24, 2013) at 5.
[17] RP (April 24, 2013) at 5-8, 11.
[18] RP (June 26, 2013) at 17.
[19] RP (June 26, 2013) at 18.

right to appeal, regardless of the existence of a plea bargain."); State v. Martin, 149 Wn. App. 689, 693, 205 P.3d 931 (2009) ("A guilty plea waives even constitutional violations occurring before the plea, unless the violation involves the government's power to prosecute."). Nevertheless, this claim fails.

Both the state and federal constitutions guarantee a criminal defendant the right to counsel and the right to self-representation. State v. Madsen, 168 Wn.2d 496, 503, 229 P.3d 714 (2010). But the right to self-representation is neither absolute nor self-executing. State v. Woods, 143 Wn.2d 561, 586, 23 P.3d 1046 (2001). A defendant's request to proceed pro se must be both unequivocally stated and timely made. State v. Stenson, 132 Wn.2d 668, 740, 940 P.2d 1239 (1997). The request must be unequivocal in the context of the record as a whole. State v. Luvene, 127 Wn.2d 690, 698-99, 903 P.2d 960 (1995). Although a court must honor a properly made request for self-representation, a court must also indulge in "'every reasonable presumption'" against a defendant's waiver of the right to counsel. Madsen, 168 Wn.2d at 504 (internal quotation marks omitted) (quoting In re Detention of Turay, 139 Wn.2d 379, 396, 986 P.2d 790 (1999)).

We review the trial court's denial of a request for self-representation for abuse of discretion. Madsen, 168 Wn.2d at 504.

In the context of the record as a whole, we find that Tillisy's request was not unequivocal. Although he requested to proceed pro se, this request was expressed as an alternative to obtaining substitute counsel. In fact, Tillisy acknowledged that he preferred substitute counsel to proceeding pro se.[20] The request was an expression of

---

[20] RP (Nov. 8, 2012) at 21, 23.

5

dissatisfaction with his appointed counsel, who was later replaced by private counsel. Tillisy complained about his interactions with his counsel, and he stated that he would seek an ineffective assistance of counsel claim.[21] A request to proceed pro se that indicates dissatisfaction with appointed counsel may indicate the request is equivocal. Stenson, 132 Wn.2d at 740-41; Woods, 143 Wn.2d at 586-87. Accordingly, the trial court properly denied Tillisy's request to waive counsel and proceed pro se.

Affirmed.

Trickey, J

WE CONCUR:

Leach, J.

Becker, J.

---

[21] RP (Nov. 8, 2012) at 15-17, 21.

6