IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36006-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| YURIY LEONIDOVICH GULCHUK, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Yuriy Gulchuk appeals after he pleaded guilty to

attempted child molestation in the second degree and communication with a minor for

immoral purposes. He argues (1) the trial court erred by finding him guilty because there

was insufficient evidence he took a substantial step toward committing child molestation,

and (2) pursuant to *Ramirez*,[1] remand is required to strike the criminal filing fee and the

deoxyribonucleic acid (DNA) collection fee. In a statement of additional grounds for

review (SAG), Mr. Gulchuk argues he received ineffective assistance of counsel because

---

[1] *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

his offenses constituted the same criminal conduct and should not have counted against each other in his offender score calculation. We conclude that Mr. Gulchuk's sufficiency challenge is not appealable and his offender score was correctly calculated, but that remand is appropriate for the trial court to strike the challenged fees.

FACTS

On July 9, 2017, Mr. Gulchuk responded to an online Craigslist ad placed by an undercover detective entitled, "'young looking for older daddy—w4m.'" Clerk's Papers (CP) at 3. Mr. Gulchuk and the detective, posing as a 13-year-old girl, began messaging back and forth. Mr. Gulchuk discussed having oral sex and sexual intercourse with her. She said she wanted a gift of money and asked Mr. Gulchuk if he had condoms. He said he would bring condoms and that he would give her a donation after sex, but that the donation amount depended on how good she was. He asked if there was a store close to her. He then followed her instructions directing him to a car wash. Once there, she then sent Mr. Gulchuk the address of her apartment. He went to the apartment complex and drove around it for several minutes before texting her, "'I have bad feelings'" and leaving. CP at 109. Police then detained and arrested Mr. Gulchuk. A search of his person showed he did not have money or condoms. Mr. Gulchuk later said he saw police as he drove around the complex.

2

The State originally charged Mr. Gulchuk with attempted rape of a child in the

second degree. Mr. Gulchuk filed a *Knapstad*[2] motion. He argued that his actions did not

constitute an attempt—a substantial step toward committing the charged crime—because

he abandoned any plan to have sex with the fictitious girl. The State responded that Mr.

Gulchuk did take a substantial step toward committing the charged crime because he

followed the fictitious girl's directions to two predetermined spots, and he did not

abandon his attempt until he saw police. Mr. Gulchuk replied that his actions constituted

mere preparations, not a substantial step, because he never went to the apartment where

the girl was supposed to be and because he did not bring money or condoms with him.

The trial court denied Mr. Gulchuk's motion and explained:

> I don't believe that an individual not doing some of the things that they say,
> bringing some of the items that are requested . . . defeats on *Knapstad* the
> ability to find a substantial step; nor does, shall we say either cold feet or a
> concern of discovery under *Knapstad* defeat substantial step evidence.

Report of Proceedings (RP) (Jan. 17, 2018) at 16.

Mr. Gulchuk filed a motion for reconsideration and cited authorities he believed to

be contrary to the trial court's decision. The trial court issued a written decision denying

Mr. Gulchuk's motion. It explained that whether Mr. Gulchuk's actions constituted a

substantial step was a question of fact.

---

[2] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

The State then amended the charges to attempted child molestation in the second degree and communication with a minor for immoral purposes. Mr. Gulchuk pleaded guilty to both counts. The judgment and sentence presented to the trial court showed Mr. Gulchuk's offender score as a 3, with a standard range of 23.25-30.75 months for count 1, and 9-12 months for count 2. In accordance with the plea agreement, the trial court sentenced Mr. Gulchuk to 30.75 months on count 1 and to 9 months on count 2, with both sentences to run concurrent.

Mr. Gulchuk timely appealed.

## ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Mr. Gulchuk contends the trial court erred by finding him guilty because there was insufficient evidence that he took a substantial step toward committing child molestation in the second degree. We conclude that his argument is not appealable.

Generally, a defendant waives the right to appeal by pleading guilty. *State v. DeRosia*, 124 Wn. App. 138, 143, 100 P.3d 331 (2004). "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975). A guilty plea thus provides a

sufficient and independent factual basis for conviction. *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007). A voluntary guilty plea waives a defendant's right to appeal the sufficiency of the evidence. *Id.* Therefore, Mr. Gulchuk cannot challenge the sufficiency of the evidence on appeal.[3]

B.     *RAMIREZ* MOTION

Citing *Ramirez*, Mr. Gulchuk asks that we strike two legal financial obligations (LFOs)—the criminal filing fee and the DNA collection fee.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary LFOs on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *Ramirez*, 191 Wn.2d at 746. This change to the criminal filing fee statute is now codified in RCW 36.18.020(2)(h). As held in *Ramirez*, changes to the criminal filing fee statute apply prospectively to cases pending on direct appeal prior to June 7, 2018. *Ramirez*, 191 Wn.2d at 738. Accordingly, the change in law applies to Mr. Gulchuk's case. Because Mr. Gulchuk is indigent, the criminal filing fee must be struck pursuant to *Ramirez*.

---

[3] We note that a defendant can challenge the factual basis of a guilty plea. But Mr. Gulchuk does not raise this challenge. Nonetheless, his challenge to the factual basis would have been unsuccessful for the reasons discussed in the State's responsive brief.

The change in law also prohibits the collection of a DNA fee when the State has previously collected the offender's DNA as a result of a prior conviction. LAWS OF 2018, ch. 269, § 18. The uncontested record establishes this fact. Mr. Gulchuk has two Washington State felonies since 1990. Since that time, Washington law has required defendants with a felony conviction to provide a DNA sample. LAWS OF 1989, ch. 350, § 4; RCW 43.43.754. Given the uncontested record, we presume that a DNA sample has been collected from Mr. Gulchuk prior to the current judgment and sentence. We, therefore, direct the trial court to also strike the DNA collection fee.

SAG: INEFFECTIVE ASSISTANCE OF COUNSEL

In his SAG, Mr. Gulchuk argues he received ineffective assistance of counsel because his trial counsel did not object to his offender score calculation.

To protect a defendant's right to counsel, a defendant has the right to receive effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An allegation of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Id.* at 698. To determine whether counsel provided effective assistance we apply a two-pronged test: (1) whether counsel's performance was deficient, and (2) whether that deficient performance prejudiced the defendant to an extent that changed the result of the trial. *Id.* at 687. To determine

6

whether counsel's performance was deficient, the defendant has the burden to show that counsel's performance fell below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 332-35, 899 P.2d 1251 (1995).

Mr. Gulchuk's ineffective assistance of counsel claim is dependent on convincing us that his two offenses encompass the same criminal conduct. We are not convinced.

A trial court's determination of whether convictions constitute the same criminal conduct is reviewed for an abuse of discretion or misapplication of law. *State v. Graciano*, 176 Wn.2d 531, 535, 295 P.3d 219 (2013). "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). "A court abuses its discretion when the record supports only one conclusion on whether the crimes constitute the same criminal conduct." *State v. Latham*, 3 Wn. App. 2d 468, 479, 416 P.3d 725, *review denied*, 191 Wn.2d 1014, 426 P.3d 738 (2018). When either conclusion is adequately supported by the record, the decision is within the trial court's discretion. *Graciano*, 176 Wn.2d at 538. If the court finds "that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." RCW 9.94A.589(1)(a).

7

The Sentencing Reform Act of 1981, chapter 9.94A RCW, defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a). Here, the two crimes were not committed at the same time or place. Mr. Gulchuk committed the crime of communicating with a minor for immoral purposes when he sent sexually explicit texts to a detective posing as a 13-year-old girl. However, he did not commit the crime of attempted molestation of a child in the second degree until he actually attempted to meet her and have sex. Mr. Gulchuk drove to two separate meeting places they agreed on. Because each of the crimes happened at a different time and place, they do not qualify as same criminal conduct. Because the record supports the conclusion that the two convictions were not the same offense, the trial court did not abuse its discretion.

We conclude that Mr. Gulchuk did not receive ineffective assistance because his offender score was correctly calculated. Moreover, Mr. Gulchuk's offender score and sentence range is what he agreed to in the plea agreement.

8

Affirmed, but remanded to strike the criminal filing fee and DNA collection fee.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.