# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53111-9-II |
| Respondent, | |
| v. | |
| ANTHONY GENE HAND, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Anthony Gene Hand broke into a church, and the State charged him with second degree burglary. Prior to trial, both the State and defense counsel questioned Hand's competence, and the trial court ordered that Hand undergo inpatient evaluation at Western State Hospital within 7 days. Hand remained in jail for 35 days before being moved to the hospital, where he was ultimately determined to be competent. Hand filed a pretrial motion to dismiss due to the delay in transporting him for the evaluation. The trial court denied Hand's motion, and Hand proceeded to plead guilty to a reduced charge.

Hand appeals arguing that the trial court erred by denying his motion to dismiss. Because Hand waived his right to challenge the denial of the motion when he pleaded guilty, we do not address the trial court's denial of his pretrial motion to dismiss. We affirm his judgment and sentence.

## FACTS

The State charged Hand with one count of second degree burglary after he entered a church through a window. The trial court ordered Hand to undergo an in-custody competency evaluation,

but Hand ended the evaluation after a few minutes. Despite the evaluation's brevity, the psychologist reported that Hand was competent to stand trial based primarily on a review of Hand's mental health records, police reports, and past competency records.

At an omnibus hearing on October 1, 2018, the State and defense counsel both raised concerns about Hand's competency. The trial court ordered a second competency evaluation. The order stated that Hand "shall be admitted to the hospital within 7 days of signing of this order for a period of commitment of up to 15 days from the time of admission." Clerk's Papers at 33. Hand was not transported to Western State Hospital until November 12, 2018—35 days after the trial court's deadline.

Hand filed a CrR 8.3(b) motion to dismiss based on the delay of his transport to the hospital for his second competency evaluation. At a hearing on the motion, the trial court found the Department of Social and Health Services in contempt for failing to timely transport Hand but denied Hand's motion to dismiss. The Department of Social and Health Services was required to pay sanctions under a preexisting federal court order for the delay in transporting Hand to the hospital.

The second competency evaluation resulted in a diagnosis of antisocial personality disorder, cannabis use disorder, and stimulant use disorder but found Hand competent to stand trial. Hand and the State proceeded to negotiate a plea, and Hand ultimately pleaded guilty to second degree possession of stolen property and was sentenced to a 25-month Drug Offender Sentencing Alternative, RCW.9.94A.660.

Hand's statement on his plea of guilty provided that, upon pleading guilty, he gave up the right to "appeal a finding of guilt after a trial." CP at 220. The statement did not say that Hand

stipulated only to certain facts or that he retained his right to appeal any ruling that occurred prior to his plea.

Hand appeals.

ANALYSIS

Hand argues that the trial court erred by denying his CrR 8.3 motion to dismiss based on his excessive incarceration before he received his second competency evaluation. The State argues that Hand waived his right to challenge the court's decision to deny his pretrial motion by pleading guilty. We agree with the State.

By pleading guilty, a defendant generally waives his right to appeal. *State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980). But the defendant preserves the right to challenge the judgment and sentence on collateral grounds such as the validity of a statute violated, sufficiency of the information, jurisdiction of the court, or the voluntariness of the plea. *In re Pers. Restraint of Schorr*, 191 Wn.2d 315, 322-23, 422 P.3d 451 (2018). A defendant may not otherwise appeal the denial of any pretrial motions. *State v. Olson*, 73 Wn. App. 348, 353, 869 P.2d 110 (1994). "'[A] guilty plea waives or renders irrelevant all constitutional violations that occurred before the guilty plea, except those related to the circumstances of the plea or to the government's legal power to prosecute regardless of factual guilt.'" *State v. Brandenburg*, 153 Wn. App. 944, 948, 223 P.3d 1259 (2009) (internal quotation marks omitted) (quoting *State v. Amos*, 147 Wn. App. 217, 225-26, 195 P.3d 564 (2008)).

Here, Hand does not challenge his conviction based on the jurisdiction of the court, validity of the statute violated, sufficiency of the information, or the voluntariness of his plea. Instead, he challenges the denial of his pretrial motion to dismiss based on the alleged violation of his

3

substantive due process rights when he was incarcerated for 35 days before his second competency evaluation. But by pleading guilty, Hand waived the right to challenge any constitutional violation that occurred before his guilty plea as a basis for reversing his conviction, and he is precluded from appealing the denial of this type of pretrial motion. Accordingly, because Hand waived his right to challenge the denial of the motion when he pleaded guilty, we do not address the trial court's denial of his pretrial motion to dismiss.

We affirm Hand's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Cruser, J.