[No. 7104–1.    Division One.    October 22, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD
KENNEDY MAJORS, *Appellant.*

*Cook, McMahon, Darrah & Covell* and *Douglas Cook,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Gregory P. Canova, Deputy,* for respondent.

This opinion was prepared by Judge Jerome Farris, now retired from the Court of Appeals of the State of Washington. It is adopted by the undersigned judges as the opinion of this court.

Donald Majors appeals his sentencing as a habitual criminal. We affirm.

Majors was charged with first–degree murder for allegedly killing Franklin Monohan during an attempt to extort money from him. Majors entered a plea of guilty to a reduced charge of second–degree murder and to a supplemental information alleging that he was a habitual criminal. He was sentenced to life imprisonment.

Majors contends that the supplemental information was defective in that one of the alleged prior felony convictions occurred after the murder for which he was sentenced as a habitual criminal. He also contends that the judgment is void insofar as it finds him guilty of the *crime* of being a habitual criminal.

Ordinarily, a plea of guilty does not preclude an appeal in which collateral questions, such as the validity of the statute, the sufficiency of the information, the jurisdiction of the court or the circumstances under which the plea was made, are raised. *Young v. Konz,* 88 Wn.2d 276, 558 P.2d 791 (1977); *State ex rel. Fisher v. Bowman,* 57 Wn.2d 535, 358 P.2d 316 (1961); *State v. Rose,* 42 Wn.2d 509, 256 P.2d 493 (1953); *State v. Alberg,* 156 Wash. 397, 287 P. 13

(1930). However, those decisions do not control when the guilty plea is entered as the result of a plea bargain.[1]

A guilty plea entered to a crime or crimes carrying a lesser penalty than the crime originally charged, as the result of a plea bargain, precludes review of the sufficiency of the information or the existence of the crime charged. The defendant bargained for the sentence imposed, not the crime, to avoid the risk of a heavier penalty. A similar question was before the court in *People v. Foster,* 19 N.Y.2d 150, 154, 225 N.E.2d 200, 278 N.Y.S.2d 603 (1967). The court stated:

> While there may be question whether a plea to attempted manslaughter is technically and logically consistent, such a plea should be sustained on the ground that it was sought by defendant and freely taken as part of a bargain which was struck for the defendant's benefit.

Majors entered the guilty plea to the reduced charge and the supplemental information to avoid the risk of receiving the death penalty on the original first–degree murder charge. He received the benefit of his bargain.

Affirmed.

CALLOW, C.J., and WILLIAMS, J.

Reconsideration denied December 19, 1979.

Review granted by Supreme Court February 22, 1980.

---

[1]Although the parties concede a plea bargain, they failed to comply with CrR 4.2(e).