# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In re Personal Restraint Petition of:<br><br>MARVIS J. KNIGHT,<br><br>               Petitioner | No. 49521-0-II<br><br><br>PUBLISHED OPINION |

MELNICK, J. — Marvis J. Knight asserts in his personal restraint petition (PRP) that his conviction for the nonexistent crime of attempted manslaughter in the first degree (attempted manslaughter) constitutes constitutional error resulting in actual and substantial prejudice. He seeks to withdraw his guilty plea and to vacate that conviction. We grant the petition and remand to vacate the conviction for attempted manslaughter.

## FACTS

I.    ATTEMPTED MANSLAUGHTER CONVICTION

In 1995, Knight fired shots at another man after the two flashed rival gang signs at each other. The Thurston County Prosecutor's Office charged Knight with one count of assault in the first degree.

After negotiations with Knight's lawyer, the State filed an amended information for one count of "attempted manslaughter in the first degree," under RCW 9A.28.020 and RCW 9A.32.060. Clerk's Papers (CP) at 4. This charge reduced the standard range from 93-123 months

to 23.25-30.75 months. The amended information alleged that Knight "took a substantial step toward recklessly causing the death of another person." CP at 4.

Knight entered an *Alford*[1] plea to the count of attempted manslaughter. At the time, Knight was seventeen years old and had a ninth grade education. Knight stipulated to an exceptional sentence of 38 months. The court accepted the guilty plea, followed the plea agreement, and sentenced Knight to 38 months.

## II.    ASSAULT AND FELONY HARASSMENT CONVICTIONS

In March 2000, a jury convicted Knight of two counts of assault in the second degree and two counts of felony harassment. The trial court sentenced Knight as a persistent offender[2] to total confinement for life without the possibility of early release on each of the assault counts.[3]

The court based its persistent offender determination on Knight's 1995 conviction for attempted manslaughter and a 1997 conviction for robbery in the second degree.

## III.    MOTION TO WITHDRAW PLEA AND PRP

In December 2003, Knight filed a motion to withdraw his guilty plea to attempted manslaughter. The Thurston County Superior Court denied the motion as time barred. Knight did not appeal the order.

In June 2016, Knight filed a motion to vacate the attempted manslaughter conviction, arguing it was facially invalid. The Thurston County Superior Court transferred the motion to this court as a PRP. We appointed counsel for Knight. We now address the issue on the merits.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] RCW 9.94A.030(38), RCW 9.94A.570.

[3] The trial court also imposed sentences of 60 months on each felony harassment conviction. In March 2008, the felony harassment convictions were vacated "to preserve [Knight's] right against double jeopardy." Br. of Resp't at App. 1 (order amending judgment & sentence).

ANALYSIS

Knight asserts that his current incarceration as a persistent offender based, in part, on his conviction for the nonexistent crime of attempted manslaughter, violates his due process rights under the state and federal constitutions. Knight argues that this conviction for a nonexistent crime demonstrates actual and substantial prejudice. He seeks to withdraw his guilty plea and to vacate the judgment and sentence for the attempted manslaughter conviction.

The State concedes that attempted manslaughter is a nonexistent crime. The State argues, however, that Knight's PRP is time barred because the judgment and sentence for attempted manslaughter is facially valid. Relying on *State v. Majors*, 24 Wn. App. 481, 482-83, 603 P.2d 1273 (1979), the State argues that guilty pleas to nonexistent crimes are facially valid where the defendant negotiated for a beneficial plea agreement. In the alternative, the State argues that Knight has not shown actual and substantial prejudice. We disagree with the State.

I.    TIME BAR

"Generally, personal restraint petitions must be filed within one year of a judgment becoming final." *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 38, 321 P.3d 1195 (2014); RCW 10.73.090(1). One exception to this one-year requirement includes judgment and sentences that are facially invalid. *Yates*, 180 Wn.2d at 38; RCW 10.73.090(1), .100. Defendants cannot waive their right to collaterally attack a facially invalid judgment and sentence, even "by way of a negotiated plea agreement." *In re Pers. Restraint of West*, 154 Wn.2d 204, 213, 110 P.3d 1122 (2005). A judgment and sentence for a nonexistent crime is facially invalid. I*n re Pers. Restraint of Thompson*, 141 Wn.2d 712, 719, 10 P.3d 380 (2000).

Attempted manslaughter is a nonexistent crime because one may not attempt a non-intent crime. *State v. Dunbar*, 117 Wn.2d 587, 590, 817 P.2d 1360 (1991).

"A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Manslaughter in the first degree requires a person's death caused by a defendant's recklessness; however, the intent to cause a death is not an element of manslaughter. RCW 9A.32.060(1)(a), .070(1). Therefore, a person cannot attempt to intend an unintentional act, and the crime of attempted manslaughter does not exist.

The State argues that because Knight plead guilty to a lesser charge as a result of plea bargaining, we should deny Knight's petition. The State's reliance on *Majors* is misplaced. In *Majors*, the court upheld a conviction for murder in the second degree because it had occurred as a result of a plea bargain. 24 Wn. App. at 482-83. The defendant, originally charged with murder in the first degree, plead guilty to a negotiated charge of murder in the second degree. *Majors*, 24 Wn. App. at 482. The court barred Majors from collaterally attacking his sentence as a habitual offender. *Majors*, 24 Wn. App. at 482-83. It held that a plea bargain resulting in a guilty plea to a crime with a lesser sentence "precludes review of the sufficiency of the information or the existence of the crime charged." *Majors*, 24 Wn. App. at 483.

*Majors* is factually distinguishable from our case. Murder in the second degree is a valid crime; attempted manslaughter is not. Additionally, "*Majors* does not stand for the proposition that any and all rights preceding a plea are waived by it." *Thompson*, 141 Wn.2d at 719.

The judgment and sentence is facially invalid because it shows the court sentenced Knight for the nonexistent crime of attempted manslaughter. Therefore, we conclude that Knight's collateral attack is not time barred.

II.     CONSTITUTIONAL ERROR

A PRP asserting constitutional error must establish that the asserted error has resulted in actual and substantial prejudice. *Yates*, 180 Wn.2d at 40. The petitioner's burden of proof is by a preponderance of the evidence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004).

A facially invalid judgment and sentence amounts to constitutional error if the related conviction is constitutionally defective. *Thompson*, 141 Wn.2d at 718. "Where a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face." *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004). It "is a fundamental due process violation to convict and incarcerate a person" for a nonexistent crime. *Hinton*, 152 Wn.2d at 859-60; *Fiore v. White*, 531 U.S. 225, 228–29, 121 S. Ct. 712, 148 L. Ed. 2d 629 (2001). It does not matter that the petitioner pled guilty. *Hinton*, 152 Wn.2d at 860.

As such, convictions for nonexistent crimes demonstrate "fundamental constitutional error that actually and substantially prejudiced" the defendant. *Hinton*, 152 Wn.2d at 860; *Fiore*, 531 U.S. at 228–29. The fact Knight plead guilty to and was sentenced for a nonexistent crime demonstrates prejudice. *Hinton*, 152 Wn.2d at 860; *Fiore*, 531 U.S. at 228–29.

We conclude that Knight's conviction for attempted manslaughter, a nonexistent crime, amounts to constitutional error that actually and substantially prejudiced him.

We also note that Knight shows additional prejudice. This nonexistent crime was subsequently used as a predicate crime to sentence him as a persistent offender. It is undisputed

5

and uncontested that the trial court used the attempted manslaughter conviction as one of two prior strikes when it sentenced Knight as a persistent offender.[4]

We grant Knight's petition and remand to vacate the conviction for attempted manslaughter.[5]

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.

---

[4] The State argues that the attempted manslaughter in the first degree count properly counted as a "most serious offense" under the persistent offender sentencing statutes because manslaughter is one of the enumerated felonies and attempts of these felonies also count. RCW 9.94A.030(33)(k). However, because attempted manslaughter is a nonexistent crime, it cannot be used as a prior conviction.

[5] Because the matter is not before us, we take no position on what charges, if any, the State can refile against Knight.