IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) | No. 39627-4-III |
| HUNTER D. RODGERS. | ) ) | UNPUBLISHED OPINION |

LAWRENCE-BERREY, A.C.J. — In this postsentence review, the Department of

Corrections (DOC) argues the trial court erroneously imposed community custody.  The

State concedes error, and we accept the State's concession.

FACTS

Hunter Rodgers pleaded guilty to attempted manslaughter in the second

degree.[1]  The trial court sentenced Mr. Rodgers to 15.75 months' confinement and 18

---

[1] Attempted manslaughter is a "nonexistent crime."  *In re Pers. Restraint of Knight*, 4 Wn. App. 2d 248, 252, 421 P.3d 514 (2018).  One cannot attempt to negligently or recklessly cause the death of another.  However, a defendant who pleads to a lesser offense may not later challenge the existence of that offense, as the defendant conceded the offense's existence to secure reduced punishment.  *State v. Majors*, 24 Wn. App. 481, 483, 603 P.2d 1273 (1979), *aff'd*, 94 Wn.2d 354, 616 P.2d 1237 (1980).

months' community custody. DOC soon after concluded that Washington law does

not authorize community custody for attempted manslaughter in the second degree.

DOC unsuccessfully petitioned the trial court to correct the sentence. DOC now seeks

review by this court.

## ANALYSIS

DOC argues the trial court improperly sentenced Mr. Rodgers to community

custody because the legislature did not authorize community custody for attempted

manslaughter in the second degree. We agree.

*Standard of review*

RCW 9.94A.585(7) authorizes DOC to seek review of legally erroneous sentences.

We review such claims of error de novo. *In re Postsentence Rev. of Combs*, 176 Wn.

App. 112, 116, 308 P.3d 763 (2013).

*Community custody*

A trial court may not impose a sentence without statutory authority. *In re Pers.

Restraint of Carle*, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980). RCW 9.94A.701(1)-(3)

authorizes trial courts to impose community custody for serious violent offenses, violent

offenses, and crimes against persons. RCW 9.94A.030(46), (58) defines what constitutes

serious violent offenses and violent offenses. RCW 9.94A.411(2)(a) lists what

constitutes crimes against persons. The offenses defined and listed in both statutes are exhaustive, not illustrative. *See In re Postsentence Rev. of Leach*, 161 Wn.2d 180, 185, 163 P.3d 782 (2007) (plain language of RCW 9.94A.411 authorizes community custody only for enumerated offenses).

While manslaughter in the second degree is a violent offense, attempted manslaughter in the second degree is not. *See* RCW 9.94A.030(58)(a)(iv). Attempted manslaughter in the second degree also is not a violent offense by virtue of being an "attempt to commit a class A felony," because manslaughter in the second degree is a class B felony. *See* RCW 9.94A.030(58)(a)(i); RCW 9A.32.070. Although manslaughter in the second degree also qualifies as a crime against persons, attempted manslaughter in the second degree does not. *See* RCW 9.94A.411(2)(a). Neither manslaughter in the second degree nor an attempt thereof is a serious violent offense. *See* RCW 9.94A.030(46). In sum, attempted manslaughter in the second degree is not an offense for which RCW 9.94A.701 authorizes community custody.

Because a trial court may not impose a sentence for which it lacks statutory authority, we remand to the trial court to strike the community custody portion of Mr. Rodgers' sentence. *Carle*, 93 Wn.2d at 33.

No. 39627-4-III
*Postsentence Review of Rodgers*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Pennell, J.                    Cooney, J.

4