FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 12, 2024

*González C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 12, 2024

SARAH R. PENDLETON
ACTING SUPREME COURT CLERK

**IN THE SUPREME COURT OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 102325-1 |
| Respondent, | (consolidated with 102326-0) |
| v. | EN BANC |
| NICOLE MARIE WILLYARD, | Filed: September 12, 2024 |
| Petitioner. | |

OWENS, J.—In *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), this court held that Washington's strict liability drug possession statute was unconstitutional, invalidating convictions under that statute. This court must now decide whether a person may bring an untimely challenge to guilty pleas to unlawful possession and associated offenses entered into prior to *Blake*. In 2003, Nicole Willyard pleaded guilty to three charges in two separate cases. She pleaded guilty to obstruction, unlawful possession of a controlled substance, and bail jumping, with the bail jumping charge arising out of failure to appear for a hearing on an unlawful possession charge. After this court's decision in *Blake*, she moved to withdraw all of her guilty pleas. The trial court vacated

her unlawful possession conviction but denied the motions to withdraw. The Court of Appeals affirmed.

We hold Willyard's motions to withdraw her guilty pleas are time barred. *Blake* invalidated Willyard's unlawful possession conviction, entitling her to vacation of that conviction. However, *Blake* does not open the door to untimely challenges to her guilty pleas, as subsequent changes in the law do not affect the validity of a plea.

FACTS AND PROCEDURAL HISTORY

In April 2003, Nicole Willyard was charged with unlawful possession of a controlled substance. Clerk's Papers (No. 56569-2-II) (1 CP)[1] at 2. The State then added a count of bail jumping due to Willyard's failure to appear for a hearing related to the unlawful possession charge. 1 CP at 3. Later, Willyard was charged with a second count of unlawful possession and obstruction in connection with conduct occurring on a different date. Clerk's Papers (No. 56579-0-II) (2 CP) at 4.[2] The court held a sentencing hearing in October 2003 for both cases. In the first case, Willyard pleaded guilty to bail jumping and the State dismissed the unlawful possession charge. In the second case, Willyard pleaded guilty to unlawful possession and obstruction. The two cases were assigned different cause numbers and Willyard entered into separate plea agreements in each case. 1 CP at 4-5, 13-19; 2 CP at 4-5, 13-19.

---

[1] 1 CP refers to the record in the bail jumping case, which is case No. 102325-1.
[2] 2 CP refers to the record in the obstruction and unlawful possession case, which is case No. 102326-0.

The court sentenced Willyard to 14 months of total confinement in each case. The judgments and sentences for each case cross-referenced the other to indicate that the sentences would run concurrently. Willyard did not appeal in either case, so her judgments became final in 2003.

In 2021, this court decided *Blake* and held that RCW 69.50.4013, the statute criminalizing simple possession of a controlled substance without a mens rea element, violated due process. 197 Wn.2d at 195. Shortly thereafter, Willyard filed a motion for relief from judgment under CrR 7.8(b), challenging both her conviction for bail jumping and her convictions for unlawful possession of a controlled substance and obstruction.

Willyard was then appointed an attorney and moved to withdraw her guilty pleas in both cases based on the court's holding in *Blake*. Willyard argued she was entitled to collateral relief in the unlawful possession and obstruction case because the unlawful possession statute was unconstitutional, reasoning that she had pleaded guilty to a nonexistent crime, and the entire judgment was void. Willyard also contended the guilty pleas to unlawful possession, obstruction, and bail jumping were part of an indivisible plea agreement. Therefore, if she was entitled to withdraw one of the pleas in the agreement, she could move to withdraw the entire plea. With respect to both cases, she contended RCW 10.73.090's time bar did not apply because the judgments were facially invalid due to her conviction for a nonexistent crime. Alternatively, she argued her claims overcame the time bar because *Blake* was a significant change in the law that is retroactive and material to her convictions.

3

The court denied both motions to withdraw the guilty pleas. It found that Willyard had not met her burden of showing that withdrawal of a guilty plea was the appropriate remedy. Verbatim Rep. of Proc. (VRP) at 22. It also found that the remedy of vacating and dismissing the unlawful possession of a controlled substance conviction was adequate. VRP at 23. Accordingly, it vacated her conviction for unlawful possession of a controlled substance.

Willyard appealed to Division Two of the Court of Appeals. The Court of Appeals held that Willyard was entitled to have her unlawful possession conviction vacated but not entitled to withdraw her guilty plea to the obstruction charge. *State v. Willyard*, No. 56579-0-II, slip op. at 1 (Wash. Ct. App. Aug. 1, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056579-0-II%20Unpublished%20Opinion.pdf. The court reasoned that although her guilty pleas to unlawful possession and obstruction were part of an indivisible plea agreement, the motion was time barred with respect to the obstruction charge because Willyard had not shown any facial invalidity entitling her to withdraw that plea. Additionally, the court found that she failed to show actual and substantial prejudice as necessary to withdraw her guilty plea to the obstruction charge.

As for her guilty plea to bail jumping, the Court of Appeals held that her motion to withdraw this plea was also time barred. *State v. Willyard*, No. 56569-2-II, slip op. at 3 (Wash. Ct. App. Aug. 1, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056569-2-

4

II%20Unpublished%20Opinion.pdf.  It found that neither the time bar exception for a constitutionally invalid statute nor the facial invalidity exception applied.  It also found that regardless of whether *Blake* was a significant change in the law applying retroactively, it was not material to her bail jumping conviction.  Lastly, relying on its holding in *State v. Olsen*, 26 Wn. App. 2d 722, 530 P.3d 249 (2023), it concluded that Willyard's bail jumping plea was divisible from her unlawful possession of a controlled substance plea in the other case.  Therefore, even if she had shown that she was entitled to withdraw her guilty plea to unlawful possession, she would not be entitled to withdraw the bail jumping plea.  *State v. Willyard*, No. 56569-2-II, slip op. at 6.

Willyard petitioned for review, which this court granted.  *State v. Willyard*, 2 Wn.3d 1006 (2023).

## ISSUE

Whether the time bar precludes this court from considering the merits of Willyard's motions to withdraw her guilty pleas.

## ANALYSIS

This court must decide whether Willyard is entitled to withdraw her guilty pleas to unlawful possession, obstruction, and bail jumping.  However, as an initial matter, Willyard must overcome the time bar. We hold that her motions to withdraw are time barred. Though *Blake* requires vacation of Willyard's conviction for unlawful possession, it does not allow Willyard to bring untimely challenges to the validity of her guilty pleas.

Willyard's Motions To Withdraw Her Guilty Pleas Are Time Barred

A motion to withdraw a guilty plea is a collateral attack that may not be filed "more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."  RCW 10.73.090(1), (2).  However, there are exceptions to the one-year time limit set forth in RCW 10.73.100.

Willyard argues that the time bar does not apply because the statute she was convicted of violating is unconstitutional.  RCW 10.73.100(2) provides an exception to the time bar where "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct."  Willyard was convicted of unlawful possession under the former statute, which this court later ruled unconstitutional.  However, raising a claim under an exception set forth in RCW 10.73.100 does not open the door to other time barred claims.  *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424-25, 309 P.3d 451 (2013).  The exceptions listed in RCW 10.73.100 are narrow.  Thus, while Willyard was convicted of an unconstitutional offense, she may use this exception only to invalidate that unconstitutional conviction.  Vacating a conviction is the correct remedy when a criminal statute has been declared unconstitutional, and the trial court already granted Willyard that remedy.

As relevant to RCW 10.73.100(2), the only issue remaining is whether Willyard is entitled to withdraw her pleas because the invalidation of her drug possession conviction pursuant to *Blake* changed her offender score relevant to her other convictions.  But there is a mismatch between this error—an incorrect offender score—and the relief Willyard

6

requests—withdrawal of the guilty pleas as involuntary. As will be discussed below, a person's offender score does not bear on the analysis of whether they may withdraw their guilty pleas. Thus, the time bar exception allowing the invalidation of an unconstitutional conviction does not open the door to additional time barred claims.

Alternatively, Willyard contends that the time bar does not apply because the *Blake* decision was a significant change in the law material to her convictions that applies retroactively.[3] This exception does not get her motions to withdraw past the time bar. RCW 10.73.100(7)[4] allows petitioners to overcome the one-year time bar if there has been (1) a substantial change in the law (2) that is material and (3) applies retroactively. It is undisputed that *Blake* is a significant, material change in the law that applies retroactively for purposes of vacating Willyard's unlawful possession conviction. However, the relevant question here is whether *Blake* is material to Willyard's challenge to the validity of her pleas. As in the companion case of *Olsen*, we hold that it is not.

A change in law is material if it "would affect a materially determinative issue" in a petition. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 234-35, 474 P.3d 507 (2020). In

---

[3] Willyard also argues *Blake* is a retroactively significant change in the law that entitles her to withdraw her guilty pleas because it advances "'[a]n old rule whose new application significantly changes the law.'" Suppl. Br. of Pet'r at 9 (alteration in original) (quoting *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 103, 351 P.3d 138 (2015)). However, *Tsai* applies only where the significant change in the law is based in statute. *In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 623, 380 P.3d 504 (2016); *see id.* at 627 (Madsen, C.J., concurring) (agreeing with the majority that the significant change in the law at issue "rest[ed] on constitutional due process principles rather than statutory interpretation"). *Blake* did not reinterpret the unlawful possession statute but declared it unconstitutional on due process grounds. 197 Wn.2d at 188. The limited rule in *Tsai* is therefore inapplicable.

[4] Renumbered from RCW 10.73.100(6), *see* LAWS OF 2024, ch. 118, § 8.

*In re Personal Restraint of Kennedy*, we stated that the petitioner must demonstrate that the law changed "in a way that entitles [them] to relief." 200 Wn.2d 1, 21, 513 P.3d 769 (2022). In determining materiality, we look to the facts and circumstances of each case. *In re Pers. Restraint of Zamora*, 14 Wn. App. 2d 858, 863, 474 P.3d 1072 (2020). In *Zamora*, the petitioner argued that this court's decision in *State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018) (plurality opinion), entitled him to withdraw his guilty plea that resulted in a death sentence. 14 Wn. App. 2d at 860, 867. He contended that *Gregory* constituted a significant change in the law material to his plea because "he would not have accepted the plea deal had he known he would not be at risk of execution." *Id.* at 860. The Court of Appeals declined to look at whether "a particular legal issue was important to Zamora or motivated him into accepting the plea deal," as a change in law is material when it "impacts the authority of the courts to convict a defendant of a particular crime or to impose a particular sentence." *Id.* at 864. How plea negotiations might have developed had the law been different extends beyond this question, and the court applied our precedent to hold that *Gregory* was not material to Zamora's challenge to his guilty plea, dismissing the petition as time barred. *Id.* at 867.

Consistent with our precedent on materiality, in *Ali*, we found that this court's decision in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), was material to Ali's case because it would materially affect his sentence. *Ali*, 196 Wn.2d at 235. The sentencing judge felt she did not have discretion to depart from the standard sentence range because of Ali's age; however, if *Houston-Sconiers* applied retroactively, the court

8

would have such discretion. *Id.* Thus, looking to the facts of Ali's case, we found the change in law set forth in *Houston-Sconiers* to be material and held Ali was entitled to resentencing. *Id.* at 246.

Looking to the facts and circumstances of Willyard's case, *Blake* is not material to her pleas. When we determine materiality, we look to whether the change in the law would entitle the petitioner to the specific relief sought. *See In re Pers. Restraint of Kennedy*, 200 Wn.2d at 21; *see also In re Pers. Restraint of Davis*, 200 Wn.2d 75, 84, 514 P.3d 653 (2022) (finding *Monschke* was not material because it would not afford Davis the relief he sought, given that he was convicted under a different statute and outside the age range *Monschke* applied to). Therefore, to determine whether Willyard's claim is time barred, we must analyze whether *Blake* affected the validity of her pleas so as to entitle her to withdrawal.

<u>Willyard's Motions To Withdraw Are Time Barred Because Unlawful Possession
Is Not a Nonexistent Crime</u>

*Blake* does not affect the validity of Willyard's pleas because unlawful possession under the former statute is not a nonexistent crime. Because *Blake* does not entitle her to the relief she seeks, the decision is not material to the withdrawal of her pleas and we therefore hold Willyard's motions to withdraw are time barred.

Due process requires that a plea be knowing and voluntary. *State v. Buckman*, 190 Wn.2d 51, 59, 409 P.3d 193 (2018). For a plea to be knowing and voluntary, the person pleading guilty must understand the consequences of the plea "that existed *at the time of the plea*." *State v. Lamb*, 175 Wn.2d 121, 129, 285 P.3d 27 (2012) (some emphasis

added). "'[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.'" *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970)). Because Willyard understood the consequences of pleading guilty that existed at the time of her pleas, the pleas were voluntary and lawful.

For example, in *Mendoza*, the sentencing court miscalculated the offender score, resulting in a lower standard range than was indicated in the plea agreement. *State v. Mendoza*, 157 Wn.2d 582, 584-85, 141 P.3d 49 (2006). We found that this misinformation can render a plea involuntary, and thus constitutionally invalid, because the defendant was not correctly informed of all the direct consequences of their plea. *Id.* at 591. Here, Willyard's guilty plea to bail jumping was valid because she was correctly informed as to the consequences of her plea that existed *at the time of the plea*. The fact that this court later found the former unlawful possession statute to be unconstitutional, making her offender score incorrect, does not allow her to withdraw her plea.

Willyard argues that she is entitled to withdraw her guilty plea to unlawful possession because *Blake* rendered unlawful possession a nonexistent crime. A person cannot agree to a sentence in excess of what the law allows, even through a negotiated plea agreement. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 861, 100 P.3d 801 (2004). However, Willyard's claim is unlike other situations where we have recognized a nonexistent crime. We will not expand the definition of nonexistent crime to include

crimes that were presumed to be valid at the time a guilty plea was entered into but which were later ruled unconstitutional.

In *Hinton*, this court concluded that the petitioners were convicted of a nonexistent crime and, as a result, their judgments and sentences were invalid on their face. *Id.* at 857. The petitioners were convicted of second degree felony murder with the predicate felony of assault. *Id.* However, this court had recently held that a conviction of second degree felony murder could not have assault as the predicate felony. *In re Pers. Restraint of Andress*, 147 Wn.2d 602, 604, 56 P.3d 981 (2002).[5] As a result, we found that a conviction under the second degree felony murder statute with assault as the underlying felony was not a conviction of a crime at all. *Id.*

Similarly, in *In re Personal Restraint of Thompson*, this court vacated a conviction where the defendant had pleaded guilty to an offense that "occurred before the effective date of the statute creating the offense." 141 Wn.2d 712, 725, 10 P.3d 380 (2000). Thompson had pleaded guilty to first degree rape of a child for conduct that occurred between 1985 and 1986. *Id.* at 716. However, the statute creating the offense was not enacted until 1988. *Id.* Thus, this court found the judgment and sentence to be invalid on its face. *Id.* at 719. We acknowledged that due process requires a guilty plea to be voluntary and intelligent and found that Thompson's plea was not because he was not aware he was pleading guilty to an invalid charge. *Id.* at 720-21.

---

[5] We noted in *In re Personal Restraint of Bowman* that the legislature later amended the second degree felony murder statute to include assault as a predicate crime. 162 Wn.2d 325, 335, 172 P.3d 681 (2007).

In another case, the Court of Appeals granted a motion to withdraw a guilty plea where an individual pleaded guilty to attempted manslaughter. *In re Pers. Restraint of Knight*, 4 Wn. App. 2d 248, 249, 421 P.3d 514 (2018). The court found attempted manslaughter was a nonexistent crime. This is because an attempt requires intent to commit a particular crime but the crime of manslaughter does not have an intent element. *Id.* at 252. The court concluded "a person cannot attempt to intend an unintentional act, and the crime of attempted manslaughter does not exist." *Id.*

Unlike in *Hinton*, *Thompson*, and *Knight*, Willyard pleaded guilty to unlawful possession under a statute that was operative and held to be valid at the time of her plea. *See, e.g.*, *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *overruled in part by Blake*, 197 Wn.2d 170; *State v. Bradshaw*, 152 Wn.2d 528, 98 P.3d 1190 (2004), *overruled in part by Blake*, 197 Wn.2d 170; *see also State v. Schmeling*, 191 Wn. App. 795, 801-02, 365 P.3d 202 (2015) (rejecting due process challenge to strict liability drug possession statute). In *Hinton*, by contrast, there was no statute criminalizing second degree felony murder when the petitioners were convicted. 152 Wn.2d at 857. In *Thompson*, the defendant's actions had not been criminalized when they were performed. 141 Wn.2d at 716. And in *Knight*, the defendant pleaded guilty to an attempt of a nonintent crime despite the fact that this court had held four years prior that a person cannot attempt a nonintent crime. 4 Wn. App. 2d at 252. But when Willyard pleaded guilty to unlawful possession under the former statute in 2003, the statute had not yet been deemed unconstitutional. It would not have been possible for Willyard or the trial

12

court to discover that she was pleading guilty to an invalid charge at the time she entered her plea because the former unlawful possession statute was operative and presumed to be valid until this court's decision in *Blake*.

Willyard cites several cases to argue that an unconstitutional statute is a "legal nullity." Suppl. Br. of Pet'r at 6, n.2; 14. In *State ex rel. Evans v. Brotherhood of Friends*, this court cited a United States Supreme Court case for the proposition that an unconstitutional act is "'inoperative as though it had never been passed.'" 41 Wn.2d 133, 143, 247 P.2d 787 (1952) (quoting *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S. Ct. 1121, 30 L. Ed. 178 (1886)). However, the United States Supreme Court later stated that the broad statements it made in *Norton* "must be taken with qualifications" because "the actual existence of a statute . . . is an operative fact and may have consequences which cannot justly be ignored." *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374, 60 S. Ct. 317, 84 L. Ed. 329 (1940). This court has also recognized that *Norton* is "antiquated" authority, stating that the "'void ab initio' doctrine . . . as expressed in *Norton*, has been abandoned by the Supreme Court." *W.R. Grace & Co. v. Dep't of Revenue*, 137 Wn.2d 580, 594 & n.10, 973 P.2d 1011 (1999). Thus, this line of cases is no longer good law and does not support the conclusion that a statute later found to be unconstitutional is a nonexistent crime.

Willyard also cites *State v. Paniagua* to argue that the unlawful possession statute is a legal nullity. 22 Wn. App. 2d 350, 511 P.3d 113 (2022). However, this is not the holding in *Paniagua*. In *Paniagua,* a defendant claimed that his conviction for bail

jumping was invalid because it was predicated on unlawful possession charges. However, the Court of Appeals held the conviction was *not* facially invalid because his conviction for bail jumping was based on a valid statute in existence at the time of the decision. *Id.* at 356. The court's holding did not address whether unlawful possession under the former statute was a nonexistent crime. Further, *Paniagua* cited the abovementioned precedent that this court has recognized as antiquated. *Id.* at 354 (citing *State ex rel. Evans*, 41 Wn.2d at 143 (stating that a statute found to be unconstitutional is and always has been a legal nullity)). Therefore, even if the court held that unlawful possession was a nonexistent crime, its conclusion would have been based on a line of precedent that this court has since repudiated. Unlawful possession under the former statute is not a nonexistent crime and, thus, Willyard is not entitled to withdraw her guilty pleas on this basis.

In sum, our decision in *Blake* does not affect the voluntariness of Willyard's unlawful possession guilty plea. This supports our conclusion that *Blake* is not a change in the law material to Willyard's motions to withdraw, so her motions are time barred. As a result, we do not reach the question of whether her guilty pleas were part of an indivisible plea agreement.

CONCLUSION

Willyard's motions to withdraw are time barred. While Willyard was convicted of an unconstitutional offense, she may use RCW 10.73.100(2) only to invalidate her simple drug possession conviction, not to seek relief in the form of withdrawal of her guilty

14

pleas. And although *Blake* is a significant change in the law that applies retroactively, it is not material to Willyard's pleas because the decision does not affect the validity of her pleas. A guilty plea that was valid when entered is not rendered unknowing and involuntary due to a later change in the law. Additionally, unlawful possession of a controlled substance under the former statute is not a "nonexistent crime."

We affirm the Court of Appeals and uphold the trial court's denial of Willyard's motions to withdraw her guilty pleas.

_____
Owens, J.

WE CONCUR:

_____
González, C.J.

_____
Gordon McCloud, J.

_____
Johnson, J.

_____
Yu, J.

_____
Madsen, J.

_____
Montoya-Lewis, J.

_____
Stephens, J.

_____
Whitener, J.

15